THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00098-FL
No. 4:13-CV-00206-FL

| | |
|---|---|
| DONTRESZ HILL, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the government's motion to dismiss [DE-46] Petitioner Dontresz Hills' ("Hill" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-40]. Petitioner filed a response in opposition to the government's motion [DE-51], and the motions are now ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be dismissed.

## I. BACKGROUND

On March 14, 2012, Hill pled guilty, pursuant to a memorandum of plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. [DE-25, -27]. On September 6, 2013, the sentencing court determined Hill's total offense level was 35, including a two-level adjustment upward for possession of a dangerous weapon during a drug offense under U.S.S.G. § 2D1.1(b)(1) and a three-level adjustment downward for acceptance of responsibility, and that Petitioner had a criminal history category of III, resulting in an advisory guideline range of 210-

262 months. Sentencing Tr. [DE-39] at 4:25-5:4; 23:4-11. The court sentenced Hill to 220 months and five years' supervised release. *Id.* at 27:12-13. Hill did not appeal his conviction or sentence.

On September 9, 2013, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) the court erred in applying the two-level adjustment pursuant to § 2D1.1(b)(1); and (2) he received ineffective assistance of counsel.[1] Pet'r's Mot. [DE-40] at 4-7. The government contends that Petitioner's ineffective assistance claims do not meet the requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and Petitioner's substantive claim of sentencing error has been waived pursuant to the plea agreement. Gov't's Mem. [DE-47] at 4-9.

## II. LEGAL STANDARDS

### A.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus §

---

[1] Petitioner asserts several grounds for his ineffective assistance claim, including that counsel was ineffective for not appealing the court's application of the § 2D1.1(b)(1) gun enhancement. Pet'r's Aff. [DE-40-2] ¶ 1. The undersigned scheduled an evidentiary hearing limited to the issue of whether counsel was ineffective for failing to file an appeal, and counsel was appointed to represent Hill for purposes of the hearing. [DE- 52]. On December 29, 2014, counsel for Hill filed a motion to withdraw Hill's claim that counsel was ineffective for failing to file an appeal. [DE-58]. The motion stated that after counsel consulted with Hill several times, Hill instructed counsel that he no longer wished to pursue this claim. *Id.* The motion to withdraw the claim was allowed. [DE-60]. Accordingly, this ground for the ineffective assistance claim is not considered here and the remaining grounds will be addressed in turn below.

2

2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.     Rule 12(b)(6)**

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); *see* Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A.  Application of U.S.S.G. § 2D1.1(b)(1)

Underlying several of Petitioner's claims is the assumption that the court improperly applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for use of a dangerous weapon (a firearm) in connection with a drug offense and that the court's consideration of hearsay evidence at sentencing violated the Confrontation Clause. Specifically, Petitioner argues that because he was not charged with possessing a firearm, it was error for the court to apply the § 2D1.1(b)(1) enhancement where (1) he could not confront his accusers because the evidence presented at sentencing was in the form of a law enforcement officer's testimony that two informants said Petitioner possessed a firearm; and (2) the court applied a preponderance of the evidence standard. Pet'r's Mem. [DE-40-1] at 3.

First, "[i]n determining whether a sentencing enhancement applies, the sentencing court may consider hearsay, provided that the information bears 'sufficient indicia of reliability to support its accuracy.'" *United States v. Williams,* 439 F. App'x 254, 258 (4th Cir. 2011) (unpublished op.) (quoting *United States v. Wilkinson,* 590 F.3d 259, 269 (4th Cir. 2010)). "Moreover, the Confrontation Clause does not apply at sentencing proceedings." *United States v. Padron-Yanez,*

4

433 F. App'x 189, 191 (4th Cir. 2011) (unpublished op.) (citing *United States v. Powell*, 650 F.3d 388, 390-91, 2011 WL 1797893, *1 (4th Cir. May 12, 2011)). Here, a law enforcement officer testified that two cooperating witnesses had provided statements to law enforcement indicating that they had each seen Petitioner engage in one or more drug transactions while possessing a firearm. Sentencing Tr. at 6:9-13:13; *See Williams*, 439 F. App'x at 258 (finding the government's burden of proof satisfied with respect to § 2D1.1(b)(1) enhancement where "[t]wo officers testified that, in the course of their investigations, three cooperating witnesses reported having observed [defendant] with or near firearms during various drug activities that occurred within the time frame charged in Count One."). Petitioner's counsel was provided an opportunity to cross-examine the testifying witness and did so. *Id.* at 13:14-16:23, 19:18-20:14. Petitioner had an opportunity to hear the evidence presented and "to rebut or explain" that evidence. *See Williams*, 439 F. App'x at 258 ("It is well-established that 'there is no bar to the use of hearsay at sentencing . . . [and a] trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain.'") (quoting *United States v. Alvarado Perez*, 609 F.3d 609, 618 n.4 (4th Cir. 2010) (internal quotation marks omitted)). The court heard argument from counsel and then found, by a preponderance of the evidence, that Petitioner possessed a firearm in connection with a drug transaction. *Id.* at 23:4-11. Accordingly, the court did not err in relying on the hearsay testimony of a law enforcement officer in determining whether to apply § 2D1.1(b)(1).

Next, "a district court must find facts relevant to sentencing by a preponderance of the evidence." *United States v. Muldrow*, 573 F. App'x 264, 266 (4th Cir. 2014) (acknowledging, in the context of reviewing a § 2D1.1(b)(1) enhancement, that a preponderance of the evidence standard is applied by a district court when finding facts at sentencing) (citing *Alvarado Perez*, 609 F.3d at

5

614). Accordingly, the court did not err in applying a preponderance of the evidence standard when determining whether to apply the § 2D1.1(b)(1) enhancement.

Finally, even if Petitioner's assertion of error with respect to the court's application of the § 2D1.1(b)(1) enhancement had merit, it is barred by Petitioner's plea waiver. In his Plea Agreement, Petitioner agreed to waive all rights "to appeal whatever sentence is imposed" except claims of "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement [DE-27] ¶ 2.c. A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.* Petitioner does not contest the knowing and voluntary nature of his plea agreement. Accordingly, Petitioner waived the right to collaterally attack the court's application of the § 2D1.1(b)(1) enhancement.

Petitioner's challenge to the court's application of the § 2D1.1(b)(1) enhancement fails both on the merits and based on waiver and should be dismissed.

## B. Ineffective Assistance

Petitioner argues that his trial counsel was ineffective on several grounds: (1) failure to object to the drug quantity statements; (2) failure to file a § 5K2.13 motion based on Petitioner's troubled childhood and use of Ritalin; (3) failure to undertake a thorough investigation and better prepare for sentencing hearing to challenge hearsay testimony; (4) failure to argue Petitioner's sentence was aggravated for not cooperating with the government in violation of § 5K1.2; and (5) representation with respect to the Plea Agreement, specifically the appeal waiver in light of Petitioner's desire to challenge the § 2D1.1(b)(1) enhancement. Pet'r's Aff. [DE-40-2] ¶¶ 1-6.

6

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one"). Where circumstances exist that are "so likely to prejudice the accused that the cost of litigating their effect is unjustified," such as a complete denial of counsel or where the attorney fails to act as the government's adversary, prejudice is presumed and no independent showing is required. *United States v. Cronic*, 466 U.S. 648, 658-66 (1984).

### 1. Failure to Object to the Drug Quantity Statements

Petitioner contends his counsel was ineffective in failing to object to the drug quantity statements. Petitioner's base offense level was calculated as 36 based on Petitioner being held accountable for 4,280.35 grams of cocaine base and 113.4 grams of cocaine, resulting in a marijuana equivalency of 15,307.8 kilograms. Presentence Investigation Report ("PSR") [DE-30] ¶ 43;

7

Sentencing Tr. at 4:25-5:1. Petitioner's counsel did not object to calculation of the base offense level at sentencing. However, Petitioner and the government, pursuant to the Plea Agreement, agreed that "[t]he relevant readily provable drug quantity for purposes of determining the base offense level pursuant to U.S.S.G. §2D1.1 is at least 2.8 kilograms but less than 8.4 kilograms of cocaine base (crack) and at least 500 grams but less than 2 kilograms of cocaine." Plea Agreement ¶ 5.b. The drug quantities used to determine Petitioner's base offense level were in fact below the range to which Petitioner agreed in his Plea Agreement, and thus there was no basis for an objection by counsel as to the drug quantity attributed to Petitioner at sentencing. *See Simmons v. United States*, No. 5:11-CR-229-F9, 2014 WL 3962477, at *2 (E.D.N.C. Aug. 13, 2014) (unpublished op.) ("Counsel's failure to object to an amount of pseudoephedrine well below the amount [defendant] stipulated to in the plea agreement does not constitute ineffective assistance of counsel. Indeed, an objection on this basis would have been frivolous."). Therefore, Petitioner has failed to sufficiently plead that his counsel was unreasonable in failing to challenge the drug quantity and this claim should be dismissed.

### 2. Failure to File a § 5K2.13 Motion

Petitioner asserts in his affidavit that counsel was ineffective for not filing a § 5K2.13 motion, despite knowing Petitioner had a troubled childhood and used Ritalin. Pet'r's Aff. ¶ 3. Section 5K2.13 provides as follows:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

8

> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

U.S.S.G. § 5K2.13. The sentencing transcript indicates that counsel, in advocating for a sentence at the lower end of the guideline range, informed the court that Petitioner had no father or mother figure growing up and lived with an aunt in poverty, going without food and clothing at times. Sentencing Tr. at 23:25-24:6. Counsel also requested a medical evaluation, noting Petitioner had ADHD growing up and used Ritalin from ages 10 to 16. *Id.* at 24:7-10. The court, however, expressly recognizing Petitioner's "very difficult" upbringing, found the need to protect the public from Petitioner "compelling," eliminating any available departure pursuant to § 5K2.13. *See Rendelman v. United States*, No. CIV.JKB-12-859, 2013 WL 140236, at *4 (D. Md. Jan. 9, 2013) (unpublished op.) (holding defendant suffered no prejudice from his counsel's failure to argue in favor of a § 5K2.13 departure where defendant did not qualify because the offense involved a serious threat of violence), *appeal dismissed*, 520 F. App'x 172 (4th Cir. 2013). Moreover, Petitioner's conclusory allegations with respect to his childhood and Ritalin use as a youth do not suggest that he suffered from a significantly reduced mental capacity when he committed the alleged offense, as required by § 5K2.13. *See Davidson v. United States*, No. 7:11-CR-00044, 2013 WL 1651776, at *3 (W.D. Va. Apr. 16, 2013) (dismissing ineffective assistance of counsel claim for failure to bring a § 5K2.13 motion for lack of prejudice where "[t]he court was made aware of the petitioner's mental health conditions and considered them in fashioning an appropriate sentence."); *Williams v. United States*, No. 7:08-CR-101-FL, Order [DE-60] at 6-7 (E.D.N.C. Dec. 31, 2012) (unpublished

9

op.) (concluding petitioner failed to satisfy objective prong of *Strickland* on ineffective assistance of counsel for failure to seek § 5K2.13 downward departure, where the court determined upward variance was supported despite knowing petitioner's mental health condition and petitioner presented no evidence that he suffered from reduced mental capacity when he committed the alleged offense). Thus, Petitioner has failed to sufficiently plead that his counsel was unreasonable in failing to request a downward departure pursuant to U.S.S.G. § 5K2.13 and this claim should be dismissed.

### 3. Failure to Prepare for Sentencing Hearing and Challenge Hearsay Testimony

Petitioner contends that his counsel failed to undertake a thorough investigation and to sufficiently challenge hearsay testimony at the sentencing hearing. Pet'r's Mem. at 7; Pet'r's Aff. ¶ 4. The record indicates that counsel did, in fact, challenge the testimony of the testifying law enforcement officer at sentencing, eliciting testimony favorable to Petitioner. *See* Sentencing Tr. at 15:7-13 (witness admitted no gun was found on Petitioner during the three drug buys to which he pled guilty); *id.* at 15:19-23 & 16:9-14 (witness admitted he was not present at the interviews of the cooperating witnesses and was reading what someone else wrote); *id.* at 16:15-22 (witness admitted that one of the cooperating witnesses never described the gun he allegedly saw Petitioner possess). To the extent Petitioner's claim is based on counsel's failure to challenge the admissibility of hearsay evidence, such an argument would have been frivolous because, as discussed above, hearsay evidence is admissible at sentencing. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at *11 (E.D.N.C. Mar. 14, 2008) (unpublished op.) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted). Accordingly, Petitioner has failed to sufficiently plead that his counsel was unreasonable in addressing the witness's testimony at the sentencing hearing and this claim should be dismissed.

### 4. Failure to Argue Violation of § 5K1.2

Petitioner asserts in his affidavit that counsel was ineffective for not arguing that his sentence was aggravated for failure to cooperate in violation of U.S.S.G. § 5K1.2. Pet'r's Aff. ¶ 5; Pet'r's Resp. [DE-51] at 3-4. In support of this claim, Petitioner points to the government's statement in closing argument at sentencing informing the court that "[Petitioner] did sign a Plea Agreement in which he agreed to be debriefed and cooperate. And he – he refused to do that. And he could have really helped – helped us out with some significant investigations, but chose not to." Sentencing Tr. at 26:7-11.

The policy statement in the sentencing guideline at issue provides that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." U.S.S.G. § 5K1.2; *see also United States v. Fields*, 51 F. App'x 387, 388-89 (4th Cir. 2002) (unpublished op.) ("Part K of the Guidelines sets forth various policy statements to aid courts in determining when a departure from the guideline range is appropriate."). The court sentenced Petitioner within the guideline range and, thus, did not inappropriately depart based on Petitioner's failure to cooperate. *See Fields*, 51 F. App'x at 388-89 (holding the district court did not violate § 5K1.2 by improperly considering defendant's lack of cooperation with the government where the court did not depart from the sentencing guidelines range). Accordingly, Petitioner has failed to sufficiently plead that his counsel was unreasonable in failing to raise an objection based on § 5K1.2 at the sentencing hearing and this claim should be dismissed.

### 5. Plea Agreement

Petitioner asserts that counsel provided ineffective assistance with respect to the appeal waiver in the plea agreement because counsel knew Petitioner wanted to challenge the gun

11

enhancement. Pet'r's Aff. ¶ 6. More specifically, in his response to the government's motion to dismiss, Petitioner asserts that the gun enhancement was not included in the Plea Agreement, that his counsel knew as much and also knew that Petitioner would not have agreed to the enhancement had it been included and therefore counsel should have appealed the issue. Pet'r's Resp. at 3.

First, although the Plea Agreement does not include an agreement with respect to the gun enhancement, even if the government had agreed that the gun enhancement was not warranted, such an agreement would not have been binding on the court pursuant to the terms of the Plea Agreement. *See* Plea Agreement ¶ 5 ("The parties agree, pursuant to Fed. R. Crim. P. 11(c)(1)(8), to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range[.]"). Next, as discussed above, counsel did object to the gun enhancement and the court overruled the objection. Sentencing Tr. at 5:16-23:11. Moreover, as discussed above, the errors raised with respect to the court's application of the gun enhancement are meritless. Therefore, Petitioner has failed to sufficiently plead facts from which the court could find that Petitioner was prejudiced by the assistance counsel provided with respect to the Plea Agreement and gun enhancement.

## C. Prosecutorial Misconduct

To the extent Petitioner asserts that the government sought to aggravate his sentence based on his refusal to cooperate in violation of U.S.S.G. § 5K1.2, Pet'r's Mem. at 5; Pet'r's Resp. at 4, Petitioner has failed to state a claim. "To prevail on a due process claim of prosecutorial misconduct, the defendant must show both misconduct and resulting prejudice." *United States v. Howell*, 584 F. App'x 108, 109 (4th Cir. 2014) (unpublished op.) (citing *United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010)). As discussed above in the context of Petitioner's ineffective

12

assistance claim based on the same alleged misuse of Petitioner's refusal to cooperate, the court did not depart based on Petitioner's alleged failure to cooperate and sentenced Petitioner within the guideline range. Accordingly, Petitioner cannot show prejudice from the alleged prosecutorial misconduct and this claim should be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-46] be ALLOWED and Petitioner's § 2255 petition [DE-40] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 2 day of January 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

13