IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-98-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DONTRESZ HILL, ) | ORDER |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for relief from judgment by correcting pre-sentence report (DE 70). Upon careful review of the motion and the record in this case, the court has determined that defendant's motion must be recharacterized as a successive petition attacking defendant's conviction and sentence, and thus it must be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003).

Before defendant can file a successive § 2255 application in the district court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). A successive petition "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

In addition, contrary to defendant's suggestion, the law does not provide the court with a basis to make changes in defendant's pre-sentence report under the circumstances of this case. See United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019) (contrasting a district court's jurisdiction to correct what is "purely a clerical error in a judgment, order, or other part of the record —like . . . scrivener's or recording errors" with "judicial and substantive errors"). While defendant suggests that the court removed or should remove reference to a firearm in his pre-sentence report, the court expressly imposed an enhancement at sentencing based upon possession of a dangerous weapon. See Sent. Tr. (DE 39) at 23. Therefore correction of the pre-sentence report at this juncture is not warranted.

In sum, although the court commends defendant for his post-judgment rehabilitation efforts, the court lacks jurisdiction to grant relief from judgment on this basis.

Accordingly, the instant motion is DISMISSED.

SO ORDERED, this the 8th day of November, 2019.

LOUISE W. FLANAGAN
United States District Judge